MARY B. PRATT v. HORACE B. PRATT ET AL.

*Parent and child—Agreement for support.*

An aged couple deeded their property to their son on an agreement by him to give them a good and sufficient support, without any labor or service on their part except such as they might give voluntarily. The father died and the mother continued to live quietly with her son for several years until he married, when difficulties arose and she went to live elsewhere, claiming to be entitled to her support wherever she chose to reside. *Held* that in view of the moderate circumstances of the parties the understanding evidently was that the son was to support his parents at his home, and that the mother could not demand support elsewhere unless she showed that he failed in his duty to her.

Appeal from Benzie. Submitted October 22. Decided November 29.

FORECLOSURE. Bill dismissed. Complainant appeals.

*S. W. Fowler* for complainant.

*Pratt & Davis* for defendant Horace B. Pratt. An agreement by a son to support his parents may be construed in view of the narrow means of the parties, to contemplate providing a home with him and not elsewhere, unless it is otherwise agreed, *Flanders v. Lamphear*, 9 N. H., 201; *Currier v. Currier*, 2 N. H., 75.

COOLEY, J. This controversy belongs to that unhappy class where parents, having divested themselves of the means of independent support in favor of children, find themselves afterwards discontented in the position in which they have placed themselves, and resort to litigation with their children to the destruction of family and domestic happiness.

The complainant is the widow of Horace B. Pratt. In 1866 in the lifetime of her husband she united with him in a conveyance of their little property, consisting

of one hundred and sixty acres of cheap land and a small amount of personal property, worth in all perhaps $1200, to the defendant Horace B. Pratt, their son, taking back from him an agreement that the son should give them "a good and sufficient support during their natural lives, providing sufficient food and clothing, medicine and medical attendance when necessary, and not requiring of them any labor or service other than they may voluntarily render." The written contract contained a provision that the parents should have a lien on the property to secure performance of its stipulations.

The father did not survive this arrangement long, but the mother lived with her son after her husband's death, some eight years. They appear to have lived in a very economical way, but contented and without controversy, the mother taking general charge of the household work for the son, who was unmarried. The son then married, and difficulties arose. These, however, are entirely unexplained,—the mother giving no sufficient reason for them, but declaring that she has a reason which she chooses not to tell. We have no reason to think the son was wanting in due provision for his mother any more after his marriage than before.

When difficulties sprang up, the mother left the son's house and went elsewhere to live. She now claims to be entitled to a support by her son wherever she sees fit to reside.

When the very moderate circumstances of the parties are taken into account, it is difficult to reach any other conclusion than that it was the understanding and expectation of all the parties that the support the son was to give was to be furnished at his own home. As a business arrangement he could not have afforded to make it on any other terms. The mother, therefore, was not justified in leaving the son as she did, and demanding support elsewhere, unless she could show that he failed in his duty to her. This showing has not been made. And much as our sympathies may be excited in her behalf

by her dependent condition, we have no alternative but to affirm the decree with costs.

The other Justices concurred.